```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JANILKA ABRAMS TUNON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOAN GREY,<br><br>　　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>　　Civil Action<br>No. 14-2985 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Before the Court is the Government's motion to dismiss for lack of subject matter jurisdiction.[1] [Docket Item 14.] In this action, Plaintiff seeks less than $200 in damages for mail the Post Office allegedly mishandled or lost. Because Plaintiff's claims fall squarely within the "postal matter exception" to the waiver of sovereign immunity under the Federal Torts Claims Act ("FTCA"), the Court will grant Defendant's motion. The Court finds as follows:

　　1.　On or about January 30, 2014, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Atlantic County, Small Claims Section, Docket No. SC-158-14. [Docket Item 1-1.]

---

[1] The United States has been automatically substituted as the proper defendant in place of Joanne Gray (improperly pleaded as Joan Grey), an employee of the  United States Postal Service, pursuant to 28 U.S.C. §§ 2679(d)(1) and (4).

2. Although her Complaint is mostly illegible, it is apparent that Plaintiff alleges wrongdoing by the United States Postal Service or her local Post Office in the handling of her mail.

3. On May 12, 2014, Defendant removed this case to the District of New Jersey pursuant to 28 U.S.C. §§ 1442(a)(1), 2679(d)(2), and 39 U.S.C. § 409(a).

4. The United States has been automatically substituted as the proper defendant in place of Joanne Gray (improperly pleaded as Joan Grey) pursuant to 28 U.S.C. §§ 2679(d)(1) and (4).

5. On June 6, 2014, the Government filed a motion for a more definite statement, and the Honorable Joel Schneider heard argument on this motion on September 19, 2014.

6. During the hearing, Plaintiff clarified the basis of her claims. Plaintiff explained that she maintains a post office box in Atlantic City. Several years ago she ordered a number of items over the phone to be delivered to her post office box. She provided proper payment, but never received the items. Plaintiff now seeks reimbursement from the Post Office of the cost of the items that were never delivered totaling $196.[2] Plaintiff stated

---

[2] The Small Claims Summons and Return of Service form completed by Plaintiff states a demand amount of $167.00. The demand amount listed on Plaintiff's Complaint is illegible.

that she not pursuing a claim related to the cost of her post office box.

7. Finding that Plaintiff had sufficiently clarified the basis of her claim, Judge Schneider denied the Government's motion for a more definite statement.

8. The Government then filed the instant motion to dismiss [Docket Item 14], asserting that the Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust administrative remedies as required under the FTCA and her claim is barred by the FTCA's postal matter exception. Plaintiff filed opposition [Docket Item 17] and the Government filed a reply [Docket Item 18].

9. The FTCA provides a mechanism by which a state tort action may be brought against the Government in federal court. In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001). More specifically, the FTCA grants district courts' jurisdiction over:

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Thus, the FTCA "waives the government's sovereign immunity with respect to tort claims against the

3

United States for money damages." <u>Fisher Bros. Sales, Inc. v. United States</u>, 46 F.3d 279, 284 (3d Cir. 1985).

10.  Conduct by the USPS and its employees are included within the terms of the FTCA. Under 39 U.S.C. § 409(c), "all . . . provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the USPS." <u>See also</u> <u>Dolan v. U.S. Postal Serv.</u>, 546 U.S. 481, 484 (2006).

11.  A district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995). Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

This administrative exhaustion requirement "is jurisdictional and cannot be waived." <u>White-Squire v. U.S. Postal Serv.</u>, 592 F.3d 453, 457 (3d Cir. 2010) (quoting <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971)).

12.  The waiver of sovereign immunity in the FTCA is not unlimited and the bar on suits against the United States remains for claims arising from the mishandling or loss of mail. "The

4

FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all)." Dolan, 546 U.S. at 485. Of particular relevance here is 28 U.S.C. § 2680(b): "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." Dolan, 546 U.S. at 485.

13. This exception to the waiver of sovereign immunity clearly applies to Plaintiff's case. Plaintiff alleges that she ordered over the phone certain items to be delivered to her post office box and, due to the negligence of the United States Postal Service, she never received these items.[3] The postal matter exception in § 2680(b) applicable to claims "arising out

---

[3] It remains unclear whether the items were to be delivered by the United States Postal Service or UPS. Plaintiff attached to her letter requesting an extension of time to oppose the Government's motion to dismiss a document from UPS indicating the delivery of a parcel to Plaintiff at an address in Atlantic City on October 6, 2011. [Docket Item 15 at 2.] Moreover, when asked by Judge Schneider at oral argument on the Government's motion for a more definite statement whether she was sure that the USPS delivered these items and not some other company like UPS or Federal Express, Plaintiff responded, "Well, Ms. -- some people work in the -- the Post -- como se -- Post Office -- told me have to do with UPS, too." (Hrg. Tr. [Docket Item 13] at 11:5-10.) The Court need not resolve this ambiguity to conclude that Plaintiff's claim against the Government must fail.

of the loss, miscarriage, or negligent transmission" of mail plainly bars Plaintiff's suit. Therefore, the Court will grant the Government's motion to dismiss.[4] An accompanying order will be entered.

**December 12, 2014**                  **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                         Chief U.S. District Judge

---

[4] There is thus no need to reach the Government's argument regarding Plaintiff's failure to exhaust administrative remedies.

6